**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATALIA DOLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 1310 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| JESSICA A. BAER, in her official capacity as Acting Secretary, Illinois Department of Financial and Professional Regulation, et al., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR A STATUS HEARING

The Defendants, Jessica A. Baer, Acting Director of the Illinois Department of Financial and Professional Regulation, and Craig Niederberger, M.D., Chairperson of the Illinois Medical Licensing Board, by their attorney, Kwame Raoul, Attorney General of Illinois, move the Court for a status hearing regarding case management and the oral argument scheduled for July 18, 2019. Defendants wanted to bring to the Court's attention some additional developments that may affect the scheduled argument and may impact how the case proceeds. The parties have discussed the matters raised in this motion.

1. Plaintiff, a licensed physician under the Illinois Medical Practice Act residing out of state, has raised a constitutional challenge to the fact that nonresident physicians pay a higher license renewal fee than resident physicians. 225 ILCS 60/21(E)(4). Plaintiff has filed a motion for preliminary injunction.

2. Defendants filed a motion to dismiss based on the Tax Injunction Act.

3. After consulting with the Department of Financial and Professional Regulation, defense counsel can report to the Court that the Department is committed to seeking a change in the statute that will equalize the fees for in-state and out-of-state physicians. The next opportunity to do this is the fall legislative session of the General Assembly in late October, 2019.

4. Because of this policy decision, Defendants do not wish to proceed on their motion to dismiss on the Tax Injunction Act. There is no need to have this Court and the parties expend additional time on that motion if the statute is going to be changed.

5. The parties disagree on whether the motion for preliminary injunction should be deferred. Physicians are billed for license renewals on a three-year cycle, and the next billing period will not be until July, 2020. Defendants' position is that the case can be stayed or dismissed without prejudice. Dr. Dolin is not facing irreparable harm that needs to be addressed immediately through a preliminary injunction. If the legislature does not amend the statute in October, 2019, there would still be ample time for Plaintiff to litigate the preliminary injunction motion well in advance of the 2020 deadline when the new license renewal bills are sent out. Plaintiff disagrees and wishes to proceed on the preliminary injunction motion without delay.

6. With respect to the specially set oral argument for July 18, 2019, the Court was expecting to hear oral argument on the motion to dismiss. Discussion with the Court on case management issues, both with respect to the July 18th proceeding and more generally, would be beneficial to both sides.

              Respectfully submitted,

**KWAME RAOUL**
Attorney General of Illinois      s/Thomas A. Ioppolo
                    Thomas A. Ioppolo
                    Assistant Attorney General
                    General Law Bureau
                    100 West Randolph Street, 13th Floor
                    Chicago, IL 60601
                    (312) 814-7198
                    tioppolo@atg.state.il.us

.